IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civ. Action No. 2:22-cv-00526 |
| v. ) | |
| ) | District Judge Marilyn J. Horan |
| PERRY HOMES, INC., ) | |
| ) | Chief Magistrate Judge |
| Defendant. ) | Cynthia Reed Eddy |
| ) | |

## **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiff United States and Defendant, Perry Homes, Inc., (each a "Party" and, collectively, the "Parties") enter into this Confidentiality Agreement and Protective Order.

The Parties expect that during the course of discovery it will be necessary to disclose certain confidential information related to the subject matter of this action. The Parties agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The Parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information, pursuant to Federal Rules of Civil Procedure 5.2(e) and 26(c).

The disclosure of documents in this case may involve the exchange of sensitive materials that are private in nature, including documents that may indicate social security numbers, residential addresses, financial information, names of minor children, and other personally identifying information of Parties and witnesses of a private nature.  Additionally, the discovery process may involve the disclosure of medical or mental health records, or "Records" that are protected under the Privacy Act of 1974, 5 U.S.C. § 552a.

The Parties agree that discovery in this action will involve the exchange of information concerning the identities Southwestern Pennsylvania Legal Services Inc.'s ("SWPLS") testers who conducted the fair housing tests involved in this litigation, the public dissemination of which would compromise the effectiveness of SWPLS' testing program. The Parties therefore intend that the identities of any of SWPLS' testers (present and future) be kept confidential pursuant to the terms of this Confidentiality Agreement and Protective Order.

Accordingly, the Parties stipulate and agree to, and the Court finds good cause for, entry of this Confidentiality Agreement and Protective Order pursuant to Federal Rules of Civil Procedure 5.2(e) and 26(c). The Court hereby enters the following Protective Order:

1. **Scope.** All documents and materials produced in the course of discovery in this case, including, but not limited to, initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible. This Order does not constitute a ruling on the question of whether any particular Confidential Information is properly discoverable, relevant, admissible, or protected by a claim of privilege or other basis of exclusion and does not constitute a ruling on any potential objection to the discoverability, relevance, admissibility, or claim of privilege or other basis of exclusion of any particular Confidential Information.

2. **Definition of Confidential Information and Attorneys Eyes Only Confidential Information** As used in this Order, "Confidential Information" is defined as information that the producing Party designates as "Confidential" in good faith that should be protected from disclosure

and use outside the litigation because the disclosure and use of such information is restricted by statute or could potentially cause harm to the interests of the Parties and/or nonparties. For purposes of this Order, "Confidential Information" includes but is not limited to documents containing the following categories of information and the information itself: (a) personally identifying information, including names, home addresses, social security numbers, taxpayer identification numbers, and birth dates; names of individuals known to be minors; (b) financial information such as financial account numbers, income tax returns, or other personal financial records; personnel or employment records; (c) information related to any medical or psychological condition or treatment or effort to seek treatment, including names or types of healthcare providers and dates of visits to providers and (d) criminal records and histories, if any, that are not publicly available. Confidential – Attorneys Eyes Only information includes personally identifying information of testers previously or currently employed by SWPLS. Information or documents that are available to the public may not be designated as Confidential Information. The Parties may move the Court for the inclusion of additional categories of information as Confidential Information.

    3.    **Form and Timing of Designation**.

        a.    The producing Party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter "the marking") on the document—or on a portion of the document in a way that makes clear which portion it refers to—and on all copies in a manner that will not interfere with the legibility of the document.

        b.    For computer data, the medium of which makes the marking impracticable, the producing Party shall mark the diskette case and/or an accompanying cover letter.

  c. The Parties shall also mark as "CONFIDENTIAL" any disclosures pursuant to Fed. R. Civ. P. 26, answers to interrogatories, and other responses to discovery requests that contain Confidential Information, and such disclosures, answers, and/or responses shall be subject to the limitations on the use of Confidential Information as set forth herein.

  d. The marking will be applied prior to or at the time the documents are produced or disclosed.

  e. Copies that a receiving Party makes of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

  f. As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.

  g. By marking a designated document as confidential, the designating attorney or Party thereby certifies that the document contains Confidential Information as defined in this Order.

  h. Within seven (7) days after the entry of this Order, the United States will provide the other Parties with a naming convention that all Parties will use when referring to the individual testers in depositions, expert reports, court filings, and other documents in this action.

  4. **Inadvertent Failure to Designate**. Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within a reasonable time after discovery of the inadvertent failure.

5. **Depositions and Testimony.** During all depositions, hearings, trials or other proceedings held in connection with this action, the Parties or their counsel may designate as confidential any testimony that is then known to contain Confidential Information or Confidential Attorneys Eyes Only Information. If the testimony is not so designated during the proceedings, the Parties or their counsel may so designate such testimony by transcript page number and line number(s) within thirty (30) days after receipt of the transcript of the proceedings. Such designated pages shall be separately bound and the cover page shall bear the legend:

> CONFIDENTIAL – THIS PORTION OF THIS TRANSCRIPT CONTAINS INFORMATION THAT HAS BEEN DESIGNATED CONFIDENTIAL UNDER THE STIPULATED PROTECTIVE ORDER IN THIS ACTION.

6. **Protection of Confidential Material.**

   a. **General Protections**. Subject to paragraph 9 of this agreement and order, the Parties agree that they will treat as confidential any document designated and produced by the other Party marked as Confidential or Confidential - Attorneys Eyes Only. Such Information shall not be used or disclosed other than when necessary to prosecute or defend this lawsuit, including any appeals.

   b. **Who May View Designated Confidential Information**. Except with the prior written consent of the designating Party or prior order of the Court, designated Confidential Information may only be disclosed to and shared among the following persons, and only for purposes relating to the litigation of this action, including any subsequent appeals:

   (1) Counsel for the Parties in this action;

   (2) The Parties or their designated corporate representatives;

   (3) Employees of such counsel only to the extent reasonably necessary to render professional services in this action;

(4) The Court, officers of the Court, and court personnel, including administrative staff, and members of the jury;

(5) Any special master or mediator appointed by the Court or jointly selected by the Parties;

(6) Court reporters and videographers retained to take depositions, under the terms and limitations specified in this Order;

(7) Persons retained by the Parties or their counsel to assist in their investigations or discovery, to prepare for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably calculated to aid in litigating this action;

(8) Witnesses and potential witnesses (and their counsel) who may testify as witnesses at any deposition or hearing, provided that such disclosure is reasonably calculated to aid in litigating this action;

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10) Employees of Defendant's insurance company, only to the extent necessary for representation of Defendant in this action.

Nothing in this Order limits any individual, including aggrieved persons, from viewing or referencing any records of medical or psychological treatment of that individual him or herself.

    c.    **Who may view Confidential – Attorneys Eyes Only information.** Information designated as Confidential – Attorneys Eyes Only may be disclosed only to individuals described in subparagraph 6(b)(1), (3) and (7) above.

d. **Control of Documents**. The Parties must make reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Protective Order. Before disclosing or displaying the Confidential Information to any persons described in paragraphs 6(b)(2) and 6(b)(6) through (10), counsel shall inform the person of the confidential nature of the information and inform the person that this Court has enjoined the use of the information or documents by him or her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person. Any persons described in paragraph 6(b)(2) and 6(b)(7) through (10) to whom Confidential Information is disclosed (other than the individually-named defendants Allyson and Robert Whittington) must complete the certification contained in Attachment A, Acknowledgment and Agreement to be Bound. The originals of such certifications shall be retained by counsel for the disclosing Party until such time as this litigation, including any appeals, is concluded. If the Parties wish to disclose Confidential Information to any persons other than those indicated in paragraph 6(b), above, the disclosing Party shall obtain written consent from all other Parties in advance of such disclosure. If consent to the proposed disclosure is not given, then the disclosing Party may, on motion after conferring with opposing counsel, seek modification of this Protective Order from the Court.

7. **Filing of Confidential Information**. In the event a Party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that Party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) substituting the naming convention, provided by the United States, for names or identities of testers and testing coordinator, or (b) filing a redacted document with the consent of the Party who designated the document as confidential, or (c) seeking

permission from the Court to file the document under seal by filing a motion for leave to file under seal.

8. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The Parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion. If the motion is granted and the requesting Party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

9. **Challenges to a Confidential Designation**. The designation of any material or document as Confidential Information is subject to challenge by any Party. Before filing any motion or objection to a confidential designation with the Court, the objecting Party must meet and confer in good faith with the designating Party to try to resolve the objection informally without judicial intervention. A Party that elects to challenge a confidentiality designation may file and serve a motion under seal that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the Party asserting confidentiality. Until the Court rules on the challenge, all Parties must continue to treat the materials as Confidential Information under the terms of this Order.

10. **Discovery.** The Parties agree that nothing in this Order shall be deemed to affect the scope of discovery permitted by the Federal Rules of Civil Procedure. Further, the Parties agree that nothing in this Order concedes that any Confidential Information is discoverable or non-privileged or that such information is not discoverable or is privileged.

11. **Use of Confidential Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential

Information at a hearing or trial must bring that issue to the attention of the Court and the other Parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such information at the hearing or trial.

12. **Obligations Upon Conclusion of Litigation**.

a. **Destruction of Confidential Information**. Within ninety (90) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, the Parties and other individuals receiving Confidential Information under this Protective Order must certify in writing to the Parties or their counsel that all documents designated as containing Confidential Information, and all summaries or copies thereof, have been redacted, destroyed, or obliterated in a manner that eliminates the possibility of retrieval of such documents, except for documents that have been offered into evidence or filed without restriction as to disclosure. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information, in which case the materials shall continue to be subject to protection under this Order. This Order does not displace or override applicable legal or statutory obligations regarding record retention and maintenance. Nor does this provision require a Party to manually delete any data from disaster recovery of backup systems even if that data may contain copies or fragments of the Confidential Information until it is overwritten or destroyed in the ordinary course of records management.

b. **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not

duplicate verbatim substantial portions of the text or images of designated documents or state the names or identifying information for testers, testing coordinator, and/or minors. The confidential portions of this work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

13. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the Parties is entitled to protection under Federal Rule of Civil Procedure 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound by Protective Order**. This Order will take effect when entered and is binding upon all counsel of record and their law offices, the Parties, and persons made subject to this Order by its terms.

15. **Order Subject to Modification.** This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

16. **Jurisdiction**. The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case, including, in the event a consent decree is entered by the court, the expiration of that consent decree. However, based on a showing of good cause, a Party may subsequently file a motion to seek leave to restore the case to the docket to enforce the provisions of this Order.

17. **Applicability to Parties Later Joined**. If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order. Should any aggrieved person intervene in this lawsuit, the aggrieved person's name and any information alleged publicly in the aggrieved person's complaint shall not be considered Confidential Information.

18. **Protections Extended to Third-Parties' Confidential Information**. The Parties agree to extend the provisions of this Order to Confidential Information produced in this case by third parties. Any Party who requests or receives Confidential Information from a third party will mark and produce the information or documents in a manner consistent with this Order.

19. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving Party must so notify the designating Party, in writing, immediately and in no event more than seven (7) business days after receiving the subpoena or order. Such notification shall be made to the attorney of record in this case, or to the actual Party in the case of a *pro se* litigant, and must include a copy of the subpoena or court order.

20. The receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the party in the other action who caused the subpoena to issue.

21. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to

protect its Confidential Information in the court from which the subpoena or order issued. The designating Party bears the burden and the expense of seeking protection of its Confidential Information in that court, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody, or control Confidential Information by the other Party to this case.

IT IS HEREBY ORDERED that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the Privacy Act of 1974, 5 U.S.C § 552a, subsection (b)(11), the United States is authorized to release Records containing Privacy Act-protected information, without obtaining prior written consent of the individuals to whom the Records pertain, pursuant to the terms specified in this Order.

IT IS FURTHER ORDERED that the parties are authorized to exchange Confidential Information subject to the terms and limitations specified herein.

SO ORDERED:

DATE:_October 28, 2022_____        __s/ Cynthia Reed Eddy_____
                                           Hon. Cynthia Reed Eddy
                                           Magistrate Judge

## ATTACHMENT A

## ACKNOWLEDGMENT AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that s/he/they has/have read the Confidentiality Agreement and Protective Order dated _____ in the case captioned *United States v. Perry Homes, Inc.*, Civil Action No. 2:22- cv-00526 (W.D. Pa.) and understands the terms thereof and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of Pennsylvania in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her /them to use documents designated as containing Confidential Information in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____     _____
                                Signature